**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

HECTOR LUIS SANTIAGO, JR.,

    PLAINTIFF,

V.

CARL'S HAIR DESIGNS, INC.,
FRANCISCO ABREU,
ELIZABETH ABREU,

    DEFENDANTS.
_____/

## COMPLAINT

Plaintiff, HECTOR LUIS SANTIAGO, JR. ("Santiago"), by and through the undersigned counsel, brings this action against Defendants, CARL'S HAIR DESIGNS, INC. ("Carl's Hair Designs"), FRANCISCO ABREU ("F. Abreu"), and ELIZABETH ABREU ("E. Abreu"), and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Santiago regularly performed work for Defendants in Broward County, Florida and was an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Carl's Hair Designs was a Florida corporation that regularly transacted business in Broward County, Florida.

4. F. Abreu is an FLSA employer, as defined in 29 U.S.C. § 203(d), is the owner and/or manager of Carl's Hair Designs, ran the day-to-day operations and has operational control over Carl's Hair Designs, and was directly involved in decisions affecting employee compensation and hours worked by employees, such as Santiago.

5. E. Abreu is an FLSA employer, as defined in 29 U.S.C. § 203(d), is the owner and/or manager of Carl's Hair Designs, ran the day-to-day operations and has operational control over Carl's Hair Designs, and was directly involved in decisions affecting employee compensation and hours worked by employees, such as Santiago.

6. Carl's Hair Designs' business, which involves the operation of a barber shop, has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to scissors, trimmers, computers, phones, pens, and paper and or uses instrumentalities of interstate commerce including but not limited to phones.

7. Upon information and belief, Carl's Hair Designs' gross sales or business done was in excess of $500,000 per year at all times material hereto.

8. Carl's Hair Designs was and is an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

9. Carl's Hair Designs and Carl's Old Time Barber Shop, Inc. are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

10. Santiago worked for Defendants as a barber.

11. Defendants failed to pay Santiago's full and proper overtime wages of 1.5 times Santiago's regular hourly rate for hours worked over 40 each week.

12. Attached as Exhibit A is a preliminary calculation of Santiago's claims. These amounts may change as Santiago engages in the discovery process.

13. Defendants have knowingly and wilfully refused to pay Santiago's legally-entitled wages.

14. Santiago has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST DEFENDANT CARL'S HAIR DESIGNS

15. Santiago realleges and incorporates the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

16. Santiago alleges that he is entitled to time-and-a-half overtime pay and liquidated damages pursuant to the FLSA.

17. Santiago seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Santiago requests compensatory and liquidated damages and reasonable attorney's fees and costs from Carl's Hair Designs, jointly and severally liable with F. Abreu and E. Abreu, pursuant to the FLSA as cited above, to be proven at the time of trial for overtime owing from Santiago's entire employment period, or as much as allowed by the FLSA, whichever is greater, along with court costs. If Santiago does not recover liquidated damages, then Santiago will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST DEFENDANT F. ABREU

18. Santiago realleges and incorporates the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

19. Santiago alleges that he is entitled to time-and-a-half overtime pay and liquidated damages pursuant to the FLSA.

20. Santiago seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Santiago requests compensatory and liquidated damages and reasonable attorney's fees and costs from F. Abreu, jointly and severally liable with Carl's Hair Designs and E. Abreu, pursuant to the FLSA as cited above, to be proven at the time of trial for overtime owing from Santiago's entire employment period, or as much as allowed by the FLSA, whichever is greater, along with court costs. If Santiago does not recover liquidated damages, then Santiago will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT III
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST DEFENDANT E. ABREU

21. Santiago realleges and incorporates the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

22. Santiago alleges that he is entitled to time-and-a-half overtime pay and liquidated damages pursuant to the FLSA.

23. Santiago seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Santiago requests compensatory and liquidated damages and reasonable attorney's fees and costs from E. Abreu, jointly and severally liable with Carl's Hair Designs and F. Abreu, pursuant to the FLSA as cited above, to be proven at the time of trial for overtime owing from Santiago's entire employment period, or as much as allowed by the FLSA, whichever is greater, along with court costs. If Santiago does not recover liquidated damages, then Santiago will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated this 17th day of December, 2021.

    Respectfully submitted,

    Koz Law, P.A.
    320 S.E. 9th Street
    Fort Lauderdale, Florida 33316
    Phone: (786) 924-9929
    Fax:    (786) 358-6071
    Email: ekoz@kozlawfirm.com

    */s/ Elliot A. Kozolchyk*

    Elliot Kozolchyk, Esq.
    Bar No.: 74791